**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2020 DEC 23 P 2: 41

DEPUTY CLERK

| | |
|---|---|
| MICHAEL A DOYLE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| MSAD #51 ) | Civil Action No.: |
| ) | |
| ) | |
| ) | |
| Defendants ) | |

**COMPLAINT**

(Injunctive Relief Demanded)

Plaintiff, MICHAEL DOYLE, Individually, on his behalf and on the behalf of all

other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues

the Defendant, MSAD #51, a School Administrative District operating in Maine,

(sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees,

litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C.

Sec. 12181 et seq. ("ADA").

1. Plaintiff is a resident of New Hampshire, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activities of getting out of low to the ground chairs without severe knee pain. Plaintiff has intermittent walking difficulty due to Rheumatoid Arthritis in knees, ankles, and hips. Plaintiff requires accessible handicap parking space located closest to the entrances of a facility.

2. Plaintiff is an advocate of the rights of similarly situated disabled persons and determining whether places of public accommodation are in compliance with the ADA.

3. According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA. The place of public accommodation that the Defendant owns is a place of education known as the GREERLY SCHOOL CAMPUS, and is located at 393 Main Street, Cumberland, Maine, in CUMBERLAND COUNTY (hereinafter "Property").

4. Venue is properly located in this District because the subject Property is located in this District.

5. Pursuant to 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's

violations of Title III of the Americans with Disabilities Act, 42 U.S.C. Sec. 12181 et seq  See also 28 U.S.C. Sec. 36.308.

6. As the owner of the subject place of EDUCATION, Defendant is required to comply with the ADA.  As such, Defendant is required to ensure that it's place of education is in compliance with the standards applicable to places of public accommodations, as set forth in the regulations promulgated by the Department Of Justice.  Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act, and the 2010 ADA Standards, incorporated by reference into the ADA.  These regulations impose requirements pertaining to places of public accommodation, including places of education, to ensure that they are accessible to disable individuals.

7. Prior to commencement of this lawsuit, Plaintiff has occasion to visit this property.  However, Plaintiff was deprived of the protection of the ADA by Defendant  because Defendant failed to comply with the requirements set forth in the ADA.  As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public, Specifically;

A. Defendant denied seating high enough from the floor so that Plaintiff could stand up from it without enduring substantial knee pain from that effort.

B. The seating provided by the Defendant is designed for small adults and/or children. The seating barely is wide enough for Plaintiff's hips and is uncomfortably tight to sit in while observing the public School Board meeting.

8. The violations present at Defendant's property infringe Plaintiff's rights to live free of discrimination and deprive him of the accommodations required under the ADA law. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions preset at Defendant's property. Plaintiff has been forced to carry his own chair into the facilities to be able to attend School Board meetings and report on them for his news site, www.falmouthtoday.me. Defendant's violation of the ADA law also infringes upon Plaintiff's rights under the First Amendment's Freedom of the Press clause to be able to report on the Board's activities. By continuing to operate the property with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. Plaintiff is deprived of the same advantages, privileges, goods, services, and benefits readily available to the general public. By maintaining the property with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.

9. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its property to comply with the requirements of the ADA and to continually monitor and ensure that the subject property remains in compliance.

10. Plaintiff has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by Defendant.

11. The Defendant has discriminated against the Plaintiff by denying him access to and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property.

12. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

13. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. section 12181 et seq.

Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff seeks to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. Section 12205.

15. Pursuant to 42 U.S.C. Section 12188 this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject property to make it readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA or by closing the property until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.  The Court issues a Declaratory Judgement that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. Section 12181.

b.  Injunctive relief against the Defendant including an order to revise its property to comply with the ADA and to implement a policy to monitor and maintain the property to ensure that it remains in compliance with said requirement.

c.  An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. Section 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,     Dated: _12-23-2020_

By:_____

Michael Doyle, Pro Se

PMB 329

1465 Woodbury Ave.

Portsmouth, NH 03801

207.766.6644

## CERTIFICATE OF SERVICE

Plaintiff hereby certifies under penalty of perjury that this complaint was served

upon Defendant's Attorney for the Property, Bruce Smith, Esq. of Drummond

Woodsum, 84 Marginal Way, Portland, ME 04101, by USPS prepaid.

 December 23,  2020

Signed this date: /2 -23-2020

Michael Doyle

PMB 329

1465 Woodbury Ave.

Portsmouth, NH 03801

207.766.6644