UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL DOYLE, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )     2:20-cv-00476-LEW |
| | ) |
| MAINE SCHOOL | ) |
| ADMINISTRATIVE DISTRICT #51, | ) |
| | ) |
|     Defendant | ) |

## ORDER ON SHOW CAUSE ORDER

Plaintiff asserts a discrimination claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., arising out of the alleged inadequacy of the seating provided to members of the public during Defendant MSAD #51 school board meetings. (Complaint ¶¶ 7–8, ECF No. 1.) Although Plaintiff's service of Defendant with the complaint and summons by certified mail does not satisfy the requirements of the Federal Rules of Civil Procedure, the Court will permit Plaintiff additional time to file proof of service.

### BACKGROUND

Plaintiff filed the complaint in December 2020. (*Id.*) After ninety days elapsed without Plaintiff filing proof of service, the Court ordered Plaintiff to show good cause why service was not timely made. (Order to Show Cause, ECF No. 5.) On April 2, 2021, Plaintiff responded that he served Defendant by certified mail and mistakenly believed that his certification statement at the end of the complaint satisfied the requirement to provide proof of service. (Response to Show Cause Order, ECF No. 7.) Plaintiff also filed a

certified mail return receipt evidently signed by an individual at the law firm representing

Defendant.  (Return Receipt, ECF Nos. 6, 7-1.)

## DISCUSSION

Federal Rule of Civil Procedure 4 provides that the plaintiff in a civil case "is

responsible for having the summons and complaint served" on the defendant.  Fed. R. Civ.

P. 4(c)(1).  A state, local, or municipal corporation must be served by (a) delivering a copy

of the summons and of the complaint to its chief executive officer, or (b) serving a copy of

each in the matter prescribed by that state's law for serving a summons of like process on

such a defendant.  Fed. R. Civ. P. 4(j)(2).  A plaintiff can also request a waiver from a

defendant in accordance with the requirements of Rule 4(d)(1), and a plaintiff can satisfy

the service obligation by filing the completed waiver with the Court.  Fed. R. Civ. P.

4(d)(4).  "Unless service is waived, proof of service must be made to the court" by filing

the server's affidavit, such as the completed second page of the Court's summons form.

Fed. R. Civ. P. 4(l).

Notably, the Rules do not authorize service by certified mail, except against certain

defendants or in certain cases.  Fed. R. Civ. P. 4(i); M.R. Civ. P. 4(f).  Service by certified

mail is not authorized by rule in this case.  Plaintiff's filing of the certified mail receipt,

therefore, does not constitute proof of service as required by Rule 4(l).  The Court,

however, will allow Plaintiff additional time to complete and file proof of service.

## CONCLUSION

Based on the foregoing analysis, the Court terminates the order to show cause and

orders that Plaintiff shall file proper proof of service or the completed waiver form in

accordance with Rule 4(d)(1) on or before June 2, 2021.  If Plaintiff fails to file proof of

service, the Court could dismiss the complaint.

### NOTICE

Any objections to this order shall be filed in accordance with Federal Rule of Civil

Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of May, 2021.