UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL DOYLE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   2:20-cv-00476-LEW |
| | ) |
| MAINE SCHOOL | ) |
| ADMINISTRATIVE DISTRICT #51, | ) |
| | ) |
| Defendant | ) |

### RECOMMENDED DECISION ON MOTION TO DISMISS

Plaintiff claims Defendant violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., based on the inadequacy of the chairs provided to members of the public during Defendant's school board meetings. (Complaint ¶¶ 7–8, ECF No. 1.) Defendant contends Plaintiff has failed to state an actionable claim and moves to dismiss the matter. (Motion, ECF No. 13.)

Following a review of the record and after consideration of the parties' arguments, I recommend the Court grant Defendant's motion to dismiss.

### FACTUAL BACKGROUND

The following facts are drawn from Plaintiff's complaint and Plaintiff's subsequent submissions. *See Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (stating that a court may "consider other filings by a self-represented plaintiff, 'including [the] response to the motion to dismiss, to understand the nature and basis of [his] claims'" (quoting *Wall v. Dion*, 257 F. Supp. 2d 316, 318 (D. Me. 2003)). A plaintiff's factual allegations are generally deemed true when

evaluating a motion to dismiss. *See McKee v. Cosby*, 874 F.3d 54, 59 (1st Cir. 2017) (considering a motion to dismiss pursuant to Rule 12(b)(6)); *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) (considering a motion to dismiss pursuant to Rule 12(b)(1)).

Plaintiff attends Defendant's school board meetings and reports on the meetings for his online news site. (Compl. ¶¶ 7-8.) Plaintiff suffers from rheumatoid arthritis in his knees, ankles and hips and has difficulty getting up from low-to-the-ground chairs. (*Id*. ¶ 1.) The height of the chairs provided at the school facility where the school board meetings are held is such that Plaintiff experiences substantial knee pain when he stands up after sitting. (*Id*. ¶ 7; *see* Exhibit 1 to Plaintiff's Response, ECF No. 16-1.) Because the chairs are not suitable for him, Plaintiff has used his own chair when he has attended the meetings. (*Id*. ¶ 8.)

## DISCUSSION

### A. Motion to Dismiss Standard

A party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In its assessment of a motion to dismiss, a court must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)).

To overcome the motion, a plaintiff must establish that the allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claim at issue. *Id.* The complaint may not consist entirely of "conclusory allegations that

merely parrot the relevant legal standard." *Young v. Wells Fargo Bank, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).  Federal Rule of Civil Procedure 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'"  *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## B.  Plaintiff's Claims under the ADA

Plaintiff alleges that Defendant violated Title III of the ADA, 42 U.S.C. § 12181 et seq., and one of Title III's implementing regulations, 28 C.F.R. § 36.308.  (Compl. ¶ 5.) "Title III … addresses discrimination in public accommodations and services operated by private entities."  *Buchanan v. Maine*, 469 F.3d 158, 170 (1st Cir. 2006).  Defendant is a public entity; Title III is not applicable to it, *Kelley v. Mayhew*, 973 F.Supp.2d 31, 36 (D. Me. 2013), nor is section 36.308. Plaintiff thus fails to state a claim against Defendant under Title III.

Because Plaintiff conceivably intended to assert a claim under Title II, I will analyze Plaintiff's allegations under Title II.  *See Buchanan ex rel. Estate of Buchanan v. Maine*, 366 F.Supp.2d 169, 174 (D. Me. 2005) (court properly treated plaintiff's claims as arising under Title II where plaintiff's amended complaint alleged "an odd and unsustainable amalgam of Titles II and III.").

Defendant argues that Plaintiff has not stated a claim under Title II. (Motion at 4.) Under Title II, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II "is characterized as a guarantee of 'meaningful access' to government benefits and programs." *Pollack v. Reg'l Sch. Unit 75*, 886 F.3d 7, 80 (1st Cir. 2018) (quoting *Theriault v. Flynn*, 162 F.3d 46, 48 (1st Cir. 1998)). To state a claim under Title II of the ADA against Defendant, a public entity as defined by 42 U.S.C. § 12131(1),[1] Plaintiff must plead "(1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Parker v. Universidad de P.R.*, 225 F.3d 1, 5 (1st Cir. 2000).

Plaintiff has pled that he is disabled. As to the exclusion prong, the "inquiry is 'not whether the benefits to persons with disabilities and to others are actually equal, but whether those with disabilities are as a practical matter unable to access benefits to which they are legally entitled.'" *Buchanan ex rel. Estate of Buchanan*, 366 F.Supp.2d at 176 (quoting *Henrietta D. v. Bloomberg*, 331 F.3d 261, 273 (2d Cir. 2003), *cert. denied*, 541 U.S. 936 (2004)). Plaintiff contends that he had difficulty sitting in the chairs provided by Defendant, suffered "substantial" knee pain when rising from the chairs, and had to bring

---

[1] A "public entity" is "any department, agency, special purpose district, or other instrumentality of a State … or local government." *Id*.

4

his own chair when attending the school board meetings. (Compl. ¶¶ 7-8.) The salient point is that Plaintiff continued to attend and report on the meetings. (*Id*. ¶ 8.) He thus was not excluded from participation in Defendant's activities, and, therefore, he has not asserted an actionable claim against Defendant under Title II of the ADA. *See People First of Ala. v. Merrill*, 467 F. Supp. 3d 1179, 1216 (N.D. Ala. 2020) ("Mere difficulty in accessing a benefit is not, by itself, a violation of the ADA.") *see also Ass'n for Disabled Ams. v. Orlando.*, 153 F. Supp. 2d 1310, 1320 (M.D. Fla. 2001) (elements at facilities that inconvenienced individuals in wheelchairs did not violate ADA where none were "so severe that they effectively prevent[ed] disabled individuals from attending" events).

Additionally, to the extent Plaintiff alleges discrimination in part based upon Defendant's failure to provide a reasonable accommodation, Plaintiff must also plead that he requested such an accommodation (or that the need for one was obvious) and the public entity failed to provide it. *Rylee v. Chapman*, 316 Fed. App'x 901, 906 (11th Cir. 2009) ("In cases alleging a failure to make reasonable accommodations, the defendant's duty to provide a reasonable accommodation is not triggered until the plaintiff makes a 'specific demand' for an accommodation.") (quoting *Gaston v. Bellingrath Gardens & Home, Inc*., 167 F.3d 1361, 1663 (11th Cir. 1999)). Plaintiff makes no such allegation. Plaintiff, therefore, has not asserted a failure to accommodate claim.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' motion to dismiss.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of July, 2021.