UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. DOYLE, )<br>)<br>      Plaintiff )<br>)<br>   v. )<br>)<br>MAINE SCHOOL ADMINISTRATIVE )<br>DISTRICT #51 )<br>)<br>      Defendant ) | No. 2:20-cv-00476-LEW |

## ORDER AFFIRMING RECOMMENDED DECISION

On August 11, 2021, United States Magistrate Judge John Nivison filed with the court, with copies to the parties, his Recommended Decision on Defendant's Motion to Dismiss. Judge Nivison recommends that the motion be granted. Plaintiff Michael Doyle has filed a timely objection to the Recommended Decision. I have reviewed and considered the Recommended Decision, together with the entire record, and I have made a *de novo* determination of all matters adjudicated by the Recommended Decision.

Mr. Doyle commenced this civil action against Maine School Administrative District #51 in December 2020.[1] He alleges that the venue in which the District conducts school board meetings is not reasonably accessible to the disabled because the seating provided at the venue does not include chairs of a size suitable for adults, which condition presents a significant challenge for Mr. Doyle because he has severe arthritis in

---

[1] On June 24, 2021, I issued an order cautioning Mr. Doyle of the possibility of filing restrictions due to his predilection for filing provocative actions in this Court evidently for the purpose of browbeating or manipulating municipal actors. Order Dismissing Case, *State v. Doyle*, No. 2:21-cv-163-LEW. The instant action preceded the caution but is further evidence of this predilection.

his knees. Mr. Doyle states that because of the unsuitable seating he brings a portable chair with him when he attends the District's board meetings. Mr. Doyle alleges that the District has discriminated against him and that the District has failed to provide him a reasonable accommodation.

Judge Nivison explained in his Decision that the relevant portion of the Americans with Disabilities Act is Title II and that Mr. Doyle has failed to state a plausible claim for relief under Title II because he has never been excluded from the District's meetings and has successfully attended by bringing a suitable chair. Recommended Decision at 4-5 (ECF No. 18). I concur with Judge Nivison that the allegations do not state a plausible claim of discrimination for this reason.

Judge Nivison also explained in his Decision that Mr. Doyle should not be heard on his claim of failure to accommodate because Mr. Doyle has not alleged that he ever presented a request for accommodation to an appropriate party. *Id.* at 5. In his Objection to the Recommended Decision, Mr. Doyle provides an update on this score, stating that the Town of Cumberland (the host community) "was acutely aware of this suit and acted proactively to acquire compliant seating." Objection at 1-2 (ECF No. 19). Mr. Doyle has, it seems, secured the accommodation he was seeking from the Town. No doubt a suitable chair can be made available to Mr. Doyle in the venue where school board meetings are held. In any event, Judge Nivison's analysis is correct. The preliminary step to obtain a reasonable accommodation is to make a request for accommodation. Filing a lawsuit is not the preliminary step to secure an accommodation.

Over Plaintiff's Objection I AFFIRM and ADOPT the Recommended Decision

following de novo review.  Plaintiff's Complaint is hereby DISMISSED.

**SO ORDERED.**

Dated this 9th day of September, 2021.

                                              /s/ Lance E. Walker
                                             UNITED STATES DISTRICT JUDGE